IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SELENA GILLESPIE,                        )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )       1:15-cv-350 (JCC/IDD)
                                         )
MARRIOTT INTERNATIONAL, INC.,            )
et al.,                                  )
                                         )
        Defendant.                       )

**M E M O R A N D U M   O P I N I O N**

This personal injury action is before the Court on three motions to dismiss filed by the collective Defendants. [Dkts. 1-4, 1-6, 12.]  Following oral argument of counsel, the Court granted all three motions to dismiss without prejudice, and required any amended complaint to be filed by May 22, 2015, with responsive pleadings due May 25, 2015.  This opinion memorializes the Court's reasons for this decision.

**I. Background**

Originally filed in Virginia state court, this matter was removed to this district court on the basis of diversity jurisdiction.  (See Notice of Removal [Dkt. 1] at 1-6.)  It is well-settled that removed cases are governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.  See Willy v. Coastal Corp., 503

1

U.S. 131 (1992), reh'g denied, 504 U.S. 935 (1992).  Thus, at the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

On August 31, 2014, Plaintiff Selena Gillespie ("Plaintiff") was attending a family reunion in the ballroom of the Marriott Crystal Gateway hotel.[2]  (Compl. [Dkt. 1] ¶ 6.) While her granddaughter was sitting on Plaintiff's lap, a large piece of a light fixture fell from the ceiling directly above Plaintiff, striking the granddaughter in her head, causing a depressed skull fracture.  (Id. at ¶¶ 7-8.)  The light fixture did not strike Plaintiff, but Plaintiff "was in the zone of danger . . . and received physical impact from blood striking her in the incident."  (Id. at ¶ 7.)  Plaintiff has also suffered "extreme shock and anxiety" as a result.  (Id. at ¶ 8.) Plaintiff claims that the accident happened "because of the willful and wanton conduct in the installation of the light

---

[1] Regardless, this standard is similar if not identical to the standard under Virginia law.  See Glazebrook v. Bd. of Supervisors of Spotsylvania Cnty., 587 S.E.2d 589, 591 (Va. 2003) ("A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof.  We accept as true all facts properly pleaded in the bill of complaint and all reasonable and fair inferences that may be drawn from those facts.") (citations omitted).
[2] Plaintiff does not allege where the hotel is geographically located.

fixture by the defendants and/or their agents, and, as a direct and proximate result of the defendants' conduct, the plaintiff suffers from severe emotional distress."  (Id. at ¶ 10.) Plaintiff requests $500,000 in compensatory damages, jointly and severally, against four named-Defendants: Marriott International, Inc. ("Marriott"), Ashford Hospitality Prime, Ashford Gateway TRS Corp. (collectively "Ashford"), and Humphrey Rich Construction Group, Inc. ("Humphrey") (collectively "Defendants").  (Id. at 3.)

Marriott, Ashford, and Humphrey each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Defendants all argue that the factual allegations in the short, two-page Complaint, even if true, fail to state a claim for either negligent infliction of emotional distress ("NIED") or intentional infliction of emotional distress ("IIED") under Virginia law.  Marriott also contends that Plaintiff fails to allege facts regarding any duty of care owed to Plaintiff.  For these reasons that follow, the Court granted the motions.

## II. Legal Standard

A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff.  See Randall

3

v. United States, 30 F.3d 518, 522 (4th Cir. 1994).[3]  However,
the court need not accept as true legal conclusions disguised as
factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679-81
(2009).  Therefore, a pleading that offers only a "formulaic
recitation of the elements of a cause of action will not do."
Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S.
544, 557 (2007).  Nor will a complaint that tenders mere "naked
assertion[s]" devoid of "further factual enhancement."  Iqbal,
556 U.S. at 678; Twombly, 550 U.S. at 557.

### III. Analysis

All arguments raised by Defendants are well-taken and
the Court will dismiss the Complaint without prejudice and grant
Plaintiff leave of court to amend the Complaint.  As an initial
matter, the theory of relief is unclear from the face of
Plaintiff's Complaint.  Even though Plaintiff alleges that she
"suffers from severe emotional distress," the Court cannot
determine whether Plaintiff asserts a claim for NIED or IIED.
(See Compl. ¶ 10.).

---

[3] The legal standard under Rule 12(b)(6) applies here.  See
Manchanda v. Hays Worldwide, LLC, No. 1:14CV1339 JCC/TCB, 2014
WL 7239095, at *1 n.1 (E.D. Va. Dec. 17, 2014) ("Generally, a
federal court will not require the parties to redo the state
court pleadings, although the district court may find it
necessary to order repleading when the state pleading
requirements vary markedly from federal practice.  In practice,
however, this has rarely been an issue, as the Federal Rules of
Civil Procedure have had a strong impact on state court
procedures in most states.") (citation omitted).

4

Virginia law[4] recognizes both NIED and IIED causes of action.  See, e.g., Delk v. Columbia/HCA Healthcare Corp., 523 S.E.2d 826 (Va. 2000).  To state a claim for NIED under Virginia law, Plaintiff must allege a "physical injury [that] was the natural result of fright or shock proximately caused by the defendant's negligence.  In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury."  Id. at 833-34 (quoting Hughes v. Moore, 197 S.E.2d 214, 219 (Va. 1973); Myseros v. Sissler, 387 S.E.2d 463, 464 (1990)).  To state a claim for IIED under Virginia law, Plaintiff must allege each of the following elements with the requisite degree of specificity: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) the conduct and emotional distress are causally connected; and the distress was or is severe.  Delk, 523 S.E.2d at 833 (citing Russo v. White, 400 S.E.2d 160, 162 (1991)) (additional citations omitted).

Here, in the Complaint, Plaintiff alleges that "the accident occurred because of the willful and wanton conduct in the installation of the light fixture by the defendants and/or

---

[4] Defendants do not contest the subject matter jurisdiction of this Court pursuant to diversity of citizenship under 28 U.S.C. § 1332, and it appears Plaintiff's factual allegations satisfy the diversity requirements.  Accordingly, Virginia substantive law applies.

their agents . . . ." (Compl. ¶ 10.) This allegation appears
to support a theory of intentional conduct under an IIED claim.
Yet, in Plaintiff's memorandum in opposition to the motions to
dismiss, Plaintiff argues she has stated a claim for NIED. (See
Pl.'s Opp'n [Dkt. 19] at 3-6 ("Plaintiff properly pled facts
that support a claim for negligent infliction of emotional
distress and the Defendants' motions should be denied.").)
Regardless, the Court finds that the Complaint fails to
sufficiently allege facts to support either an NIED or IIED
claim.

First, Plaintiff wholly fails to allege that any of
the Defendants owed a specific duty to Plaintiff.

> A breach of duty being essential, there must
> be some unlawful act or omission at the
> foundation of every tort . . . . While every
> wrongful invasion of a protected right
> causing damage gives rise to a tort, to have
> that result, there must not only be an
> invasion of right, but the invasion must be
> wrongful; that is, it must result from the
> breach or omission of a correlative duty or
> it will not be tortious.

86 C.J.S. Torts § 17 (2015) (citing cases). The only allegation
in the Complaint regarding each of the four named Defendants
refers to Defendants' citizenship for diversity purposes.
(See Compl. ¶¶ 2-5.) There is no allegation that one named
Defendant acted, or failed to act, resulting in a breach of some
duty allegedly owed to Plaintiff. In other words, the Court is

6

left to speculate as to the duty each named Defendant owed to Plaintiff, and their associated liability or ultimate responsibility for the allegedly defective light fixture that caused the harm. While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Thus, Rule 12(b)(6) guards against the speculation that is required here to state a claim for relief under NIED or IIED, and the Complaint was dismissed on this basis.

Alternatively, and assuming Plaintiff attempts to state a claim for IIED, the Court cannot accept the "labels and conclusions" alleged in paragraph ten regarding Defendants' alleged conduct. See Twombly 550 U.S. at 555-56. Plaintiff claims that "the accident occurred because of the willful and wanton conduct in the installation of the light fixture by the defendants and/or their agents," but does not provide any additional factual specificity to support such a legal conclusion. Again, this leaves the Court to speculate as to Defendants' acts or omissions, and does not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89,

7

93 (2007) (quoting <u>Twombly</u>, 550 U.S. at 555 (quoting <u>Conley v.</u> <u>Gibson</u>, 355 U.S. 41, 47 (1957))) (internal quotation marks omitted).  Accordingly, the Court dismissed the Complaint on this basis as well.

Lastly, even though Plaintiff does not request leave of court to amend the Complaint in the event it stands dismissed, the Court will grant such leave freely "when justice so requires."  <u>See</u>, <u>e.g.</u>, <u>Ward Elec. Serv., Inc. v. First</u> <u>Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  The Court denies leave to amend only if it appears the amendment is futile, offered in bad faith, prejudicial, or otherwise contrary to the interests of justice.  <u>Id.</u>  Accordingly, because there has been no showing as to futility, bad faith, or prejudice, the Court granted Plaintiff leave to amend the Complaint in the interest of justice.

## IV. Conclusion

For the foregoing reasons, the Court granted Defendants' motions to dismiss.  An appropriate Order shall issue.

|  | /s/ |
|---|---|
| May 18, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |