IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SELENA GILLESPIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:15-cv-350 (JCC/IDD) |
| | ) |
| ASHFORD HOSPITALITY PRIME, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This personal injury action is before the Court on two motions to dismiss the amended complaint. [Dkts. 29, 30.] For the following reasons, the Court will deny in part both motions to dismiss.

**I. Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, the following facts taken from the amended complaint are accepted as true for purposes of these motions.

Defendants Ashford Hospitality Prime and Ashford Gateway TRS Corporation ("Ashford") own and operate the Marriott Crystal Gateway Hotel in Arlington, Virginia. (Am. Compl. [Dkt.

1

28] ¶ 5.) Defendant Humphrey Rich Construction Group, Inc. ("Humphrey Rich") (collectively "Defendants") was hired by Ashford as a general contractor to perform significant renovations to the Marriott Crystal Gateway Hotel. (Id. at ¶¶ 6-7.) The renovation included "substantial work to the ceilings and lighting fixtures in the hotel's ball rooms." (Id. at ¶ 8.)

On August 31, 2014, Plaintiff Selena Gillespie ("Plaintiff") was a guest of the hotel and attended a family reunion in the ballroom. (Am. Compl. ¶ 10.) "Without warning to the plaintiff, one of the lighting fixtures in the ballroom detached from the ceiling directly above the plaintiff." (Id. at ¶ 11.) The light fixture itself did not directly strike Plaintiff, but it did strike the Plaintiff's infant granddaughter, who was sitting in her lap at the time. (Id.) As a result of the falling fixture, "Plaintiff was battered, struck and injured by blood, brain and other debris." (Id.) "[A]s a direct and proximate result of the negligence of the defendants . . . plaintiff has suffered severe injury from the falling fixture incident, including physical, mental and emotional harm." (Id. at ¶ 12.)

Plaintiff claims that "Defendants' actions in the design, installation and inspection of the lighting fixtures were reckless, evincing willful and wanton disregard for the safety of the plaintiff." (Am. Compl. at ¶ 9.) Plaintiff

2

alleges that "Defendants knew that there would be large gatherings of people congregating under these lighting fixtures creating a heightened duty to make sure that the renovations were performed properly and resulted in a safe environment." (Id.)  Plaintiff requests $500,000 in damages, jointly and severally, against Ashford and Humphrey Rich.[1] (Id. at 3.)

Ashford and Humphrey Rich have both filed motions to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Ashford's Mot. [Dkt. 29]; Humphrey Rich's Mot. [Dkt. 30].)  Both argue that Plaintiff has failed to state a claim for relief under a theory of negligence, intentional infliction of emotional distress ("IIED"), or negligent infliction of emotional distress ("NIED"), and that her allegations do not support a claim for punitive damages. (Id.)  Plaintiff opposes Defendants motions and argues that she has sufficiently alleged facts to state a claim for negligence and punitive damages under Virginia law.[2] (Pl.'s Opp'n at 4 ("Plaintiff does not make a claim for negligent or intentional infliction of emotional distress in her Amended Complaint.").)

---

[1] Plaintiff named "Marriott International, Inc." as a Defendant in her original complaint, but has not named it as a Defendant in her amended complaint.  (See Compl. [Dkt. 1-1] ¶ 2.) Therefore, Marriott International will be stricken as a party.
[2] The parties do not dispute that Virginia law, the law of the forum state, applies to the substantive claims in this diversity action pursuant to 28 U.S.C. § 1332(a).  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938).

3

Ashford filed a reply brief [Dkt. 37] and the Court heard oral argument of counsel on July 8, 2015. Thus, the motion is ripe for disposition.

## II. Legal Standard

A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). However, the court need not accept as true legal conclusions disguised as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.

## III. Analysis

As a threshold matter, despite prior notice from the Court that the original complaint failed to clearly specify what theory of relief Plaintiff was pursuing, the amended complaint does little to resolve this defect. (See Mem. Op. [Dkt. 26] at 4 ("As an initial matter, the theory of relief is unclear from the face of Plaintiff's Complaint.").) In her original complaint, Plaintiff attempted to state a claim for NIED. (Id.

4

at 6.)  Although still not expressly clear from the face of the amended complaint, it now appears that Plaintiff is asserting a claim for negligence against both Ashford and Humphrey Rich. (See Pl.'s Opp'n at 3 ("[T]he Plaintiff alleges that she sustained injuries, cognizable under Virginia law, as a proximate result of Defendants' negligence."); id. at 4 at ("Plaintiff does not make a claim for negligent or intentional infliction of emotional distress in her Amended Complaint.").) Indeed, Plaintiff's counsel confirmed this at oral argument.

In Virginia, to recover on a negligence claim, Plaintiff must establish that: (1) Defendants owed Plaintiff a duty of care, (2) Defendants breached that duty of care, and (3) Defendants' breach proximately caused Plaintiff to suffer damages or injury.  Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003) (citing Fox v. Custis, 372 S.E.2d 373, 375 (Va. 1988); Trimyer v. Norfolk Tallow Co., 66 S.E.2d 441, 443 (Va. 1951)); see also Jappell v. Am. Ass'n of Blood Banks, 162 F. Supp. 2d 476, 479 (E.D. Va. 2001) ("The prima facie case of negligence includes proof of a legal duty, breach of that duty, and consequent injury.") (citation omitted).  Stated differently, an action for negligence lies only where there has been a failure to perform some legal duty that the defendant owed to the injured party.  See Balderson v. Robertson, 125 S.E.2d 180 (Va. 1962); Blue Ridge Serv. Corp. v. Saxon Shoes,

5

Inc., 624 S.E.2d 55 (Va. 2006). "The standard of care required to comply with the duty of care may be established by the common law duty or statute." Steward v. Holland Family Props., LLC, 726 S.E.2d 251, 254 (Va. 2012).

At the motion to dismiss stage, the Court is mindful that dismissal pursuant to Rule 12(b)(6) is disfavored. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991) (citing 2A Moore's Federal Practice, ¶ 12.07, p. 12-63). For that reason, and for the following reasons discussed below, the Court will deny in part Ashford's motion to dismiss and deny in part Humphrey Rich's motion to dismiss. The Court will address each Defendant separately, as each Defendant appears to have played a different role in this unfortunate series of alleged events.

### A. Ashford as Owner and Operator of the Hotel

Plaintiff alleges that, as the owner and operator of the Marriott Crystal Gateway hotel, Ashford owed Plaintiff, as its guest, a heightened duty of care but breached its duty when the light fixture fell, causing plaintiff "severe injury . . . including physical, mental and emotional harm." (Am. Compl. ¶¶ 5, 9, 11-12.) Plaintiff claims that as a result of the falling light fixture, she was "battered, struck and injured by blood, brain and other debris." (Id. at ¶ 11.)

6

Under Virginia common law, innkeepers owe their guests a heightened duty of care, similar to the duty owed by a common carrier to its passengers, which requires it "to use the utmost care and diligence of very cautious persons; and they will be held liable for the slightest negligence which human care, skill and foresight could have foreseen and guarded against." Taboada v. Daly Seven, Inc., 626 S.E.2d 428, 434 (Va. 2006) (quoting Norfolk & Western Ry. v. Birchfield, 54 S.E. 879, 883 (Va. 1906) (quoting Connell v. Chesapeake and Ohio Ry. Co., 24 S.E. 467, 468 (Va. 1896))). "Like a passenger, the guest of an innkeeper entrusts his safety to the innkeeper and has little ability to control his environment." Taboada, 626 S.E.2d at 434. This long-recognized heightened duty of care remains governed by the common law, even though statutory provisions limit an innkeeper's liability for losses primarily related to property damage. Id. at 432-33 (discussing Va. Code §§ 35.1-28(A)-(D) (stating this statute does not "change or alter the principles of law concerning a hotel's liability to a guest . . . for personal injury.")).

Here, in short, Plaintiff now sufficiently states a claim for negligence against Ashford by identifying a heightened duty of care (Am. Compl. ¶ 9), a breach of that duty (id. at ¶ 11), and her consequent injury or harm (id. at ¶ 12). And even though the exact nature of Plaintiff's "severe injury" remains

7

less than clear (see id. at ¶ 12 ("including physical, mental and emotional harm")), under a theory of negligence, Plaintiff need not, at this stage, provide more specifics of her injury. See, e.g., Russo v. White, 400 S.E.2d 160, 163 (Va. 1991) (distinguishing IIED claims from negligence claims by stating: "This is not a negligence case where . . . an allegation of 'negligence' is sufficient without specifying the particulars."). Whether Plaintiff can prove these allegations, i.e., some actual injury, remains yet to be seen. But at this stage, the Court must accept Plaintiff's well-pleaded allegations as true, and must construe all allegations in her favor. See Randall, 30 F.3d at 522.

If true, Ashford breached its duty as an innkeeper to "use the utmost care and diligence" when a light fixture fell from the ceiling and caused Plaintiff to suffer damages or injury. Accordingly, Plaintiff has stated a claim for negligence against Ashford, and therefore the Court will deny Ashford's motion in this regard.

### B. Humphrey Rich as General Contractor

Plaintiff's claim of negligence against Humphrey Rich as the general contractor for renovations performed at the hotel is a closer call. Again, without clearly specifying the theory of recovery against Humphrey Rich, much less the elements of that cause of action, and facts to support each element,

8

Plaintiff does not make this Court's task an easy one. Nonetheless, at the motion to dismiss stage, the Court reads Plaintiff's amended complaint in her favor. At oral argument, Plaintiff's counsel confirmed that she was also proceeding with a negligence cause of action against Humphrey Rich. Just as before, an action for negligence lies only where there has been a failure to perform some legal duty that the defendant owes to the injured party. See supra, sec. III.

First, Plaintiff argued at oral argument that Humphrey Rich--the general contractor that presumably installed the light fixture at issue--owed Plaintiff the same heightened duty of care that Ashford owed as an innkeeper. Plaintiff provides no authority for this contention, and indeed, the Court can find none. Unlike Ashford, Plaintiff had no special relationship with Humphrey Rich. She found herself seated under the light fixture as a guest of the hotel, not of Humphrey Rich. Plaintiff's relationship to Humphrey Rich can only be characterized as that of a third party. Nonetheless, there is a duty "owed to mankind generally" not to injure others. Overstreet v. Sec. Storage & Safe Deposit Co., 138 S.E. 552, 555 (Va. 1927) ("Overstreet had no contractual relations with the security company. He was in the building as the servant of [the contractor], who had the contract to do the electrical work. He was not there as the licensee or invitee of the security

9

company. Their relation to each other was that of third persons."). Moreover, Plaintiff has alleged that Humphrey Rich "knew that there would be large gatherings of people congregating under these lighting fixtures," which creates a duty to "make sure that the renovations were performed properly and resulted in a safe environment." (Am. Compl. ¶ 9.) Stated differently, and reading this allegation in Plaintiff's favor, she has alleged that Plaintiff's injury was foreseeable by Humphrey Rich. See Norfolk S. Ry. v. Rogers, 621 S.E.2d 59 (Va. 2005) (discussing the general rule that no injury is actionable unless it could have been foreseen by the defendant). Accordingly, at this stage, Plaintiff has alleged that Humphrey Rich owed her a duty of reasonable care, or the degree of care that an ordinary prudent person would exercise under the same or similar circumstances to avoid injury to another. See Cowan v. Hospice Support Care, Inc., 603 S.E.2d 916, 918 (Va. 2004) (citations omitted).

Second, Plaintiff has sufficiently alleged that Humphrey Rich breached this duty when the light fixture that it installed "detached from the ceiling directly above plaintiff." (Am. Compl. ¶ 11.) In other words, Humphrey Rich's negligence in the installation of the light fixture breached the duty owed to avoid injury to individuals congregating beneath it. Third, similar to the analysis for Ashford, Plaintiff has sufficiently

10

alleged an injury or harm as a result of Humphrey Rich's breach. See, e.g., Russo, 400 S.E.2d at 163.  The Court cannot emphasize strongly enough that the pleading in this regard is just barely sufficient, enough so that it sufficiently puts Humphrey Rich on notice of the claim against it in accordance with Rule 8 of the Federal Rules of Civil Procedure.  Discovery will shed light on now unknown but otherwise important facts of this case that could affect Humphrey Rich's liability.  See, e.g., Va. Code Ann. § 8.01-250 ("No action to recover . . . for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction.").

Regardless, the Court has determined that Plaintiff is entitled to discovery based on the allegations in her amended complaint.[3]  That is not to say that the Court does not have its doubts about the ultimate merits of Plaintiff's claim against Ashford and Humphrey Rich, as many important questions

---

[3] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).

11

surrounding this bizarre sequence of events remain. But that is what discovery is for, and at this stage, outright dismissal is disfavored. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991) (citing 2A Moore's Federal Practice, ¶ 12.07, p. 12-63). Accordingly, Plaintiff has stated a claim for negligence against Humphrey Rich, and therefore the Court will also deny Humphrey Rich's motion in this regard.

### C. Punitive Damages

Lastly, Plaintiff contends that she is entitled to punitive damages because her "injuries were the proximate result of the defendants' willful and wanton conduct as set forth above." (Am. Compl. ¶ 13.) Under Virginia law, "[t]o properly plead a claim for punitive damages, a plaintiff must allege sufficient facts to plausibly demonstrate such willful and wanton conduct. Mere conclusory legal statements, without facts to support them, will not suffice." Brown v. Cox, No. 2:11cv184 (RGD), 2011 WL 3269680, at *6 (E.D. Va. July 27, 2011) (citing Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001)). Here, Plaintiff's amended complaint does not allege sufficient facts to sustain a claim for punitive damages. Indeed, as recognized at oral argument, Ashford's willful and conscious maintenance of an unreasonably safe hotel defies logic. Similarly, Humphrey Rich's willful and malicious installation of

an unreasonably safe light fixture would be just as bad for its business, such that it too is an illogical proposition.  In short, Plaintiff's request for punitive damages is "vaguely pleaded as a mere conclusion," and unlike a claim for general negligence, facts with heightened specificity evincing malice or conscious disregard must be pled to sustain such a claim. Brown, 2011 WL 3269680 at *6; see also Peacock v. J.C. Penney Co., Inc., 764 F.2d 1012, 1015 (4th Cir. 1985) ("Exemplary damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others.") (quoting Baker v. Marcus, 114 S.E.2d 617, 621 (Va. 1960) (emphasis in original)).  Here, there are no facts to support this extraordinary request. Therefore, the Court will dismiss Plaintiff's punitive damages claim.

### IV. Conclusion

For the foregoing reasons, the Court will deny both motions as to the negligence claim, and grant both motions as to the punitive damages claim.

An appropriate Order shall issue.

|  | /s/ |
|---|---|
| July 14, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |