IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SELENA GILLESPIE,            )
                             )
    Plaintiff,               )
                             )
        v.                   )    Case No. 1:15-cv-350 (JCC/IDD)
                             )
MARRIOTT INTERNATIONAL, INC.,)
ET AL.,                      )
                             )
    Defendants.              )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Selena Gillespie's Motion to Remand [Dkt. 77] and Defendant Cabling Solutions of Rutherford County, LLC's Motion to Dismiss for Failure to State a Claim or for a More Definite Statement [Dkt. 96].  For the following reasons, the Court finds jurisdiction proper and will deny the motion to remand.  Additionally, the Court will deny Defendant Cabling Solution's motion to dismiss or for a more definite statement.

**I.  Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in the light most favorable to the plaintiff, and accept the facts alleged therein as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

Accordingly, the following facts taken from the Second Amended Complaint are accepted as true for purposes of the motion to dismiss.

Defendants Ashford Hospitality Prime and Ashford Gateway TRS Corp. (collectively "Ashford") own and operate the Marriott Crystal Gateway Hotel in Arlington, Virginia ("Hotel"). (Sec. Am. Compl. [Dkt. 64] ¶ 10.)  Prior to the incident giving rise to this lawsuit, Ashford "undertook significant renovations" to the Hotel, including "substantial work to the ceilings and lighting fixtures in the hotel's ballrooms."  (*Id.* ¶¶ 11, 17.)  All of the Defendants are alleged to have "participated in the design, installation, and/or inspection of the ballroom modifications," although their individual responsibilities varied.  (*Id.*)

Defendant Leo A. Daly ("Daly") is an architectural firm that was hired to select, design, and approve changes to the lighting systems.  (*Id.* ¶ 14.)  Defendant Humphrey Rich Construction Group, Inc. ("Humphrey Rich") was the general contractor hired to actually perform the renovations.  (*Id.* ¶ 12.)  Defendant Mambo Contractors, Inc. ("Mambo") was responsible for the installation of the lighting systems and Defendant Onyx Construction ("Onyx") is the successor in interest to Mambo's liabilities.  (*Id.* ¶¶ 15, 16.)  During these

2

renovations and after, Defendant Marriott Hotel Services ("Marriott") was responsible for the maintenance of the lighting in the ballrooms through its management of the Hotel.  (*Id.* ¶ 13.)

According to the Second Amended Complaint, these renovations resulted in the hanging of "large, heavy blocks of Plexiglas" as decorative flourishes in the new lighting systems. (*Id.* ¶ 18.)  These heavy Plexiglas blocks, however, were "held up by minimal fasteners, with no framework or other supporting structure."  (*Id.*)  This design feature was allegedly defective and created the risk the blocks would fall onto guests expected to gather in the ballrooms below.  (*Id.*)  That risk was allegedly heightened, when Defendant Cabling Solutions of Rutherford County, LLC's ("Cabling Solutions") removed some of the ballroom lighting "lenses" to perform work in the ceiling and "negligently reinstalled" the lenses "without properly securing them."  (*Id.* ¶ 19.)

Two days after Cabling Solutions performed this work, Plaintiff Selena Gillespie ("Gillespie") was attending a family reunion in the Hotel's ballroom.  (*Id.* ¶ 21.)  Gillespie was cradling her infant granddaughter when "without warning . . . one of the lighting fixtures in the ballroom detached from the ceiling" directly above her.  (*Id.*)  The falling fixture

3

"battered, struck and injured" the granddaughter and Gillespie was similarly "battered, struck and injured by blood, brain and other debris."  (*Id.*)  "[A]s a direct and proximate result of the negligence of the defendants . . . plaintiff has suffered serve injury from the falling fixture incident, including physical, mental and emotional harm."  (*Id.* ¶ 22.)

Gillespie alleges that the design, installation, and inspection of the lighting fixtures was negligent and in disregard of the safety of guests that would certainly gather in the ballroom below the lights.  Plaintiff requests $500,000 in damages, jointly and severally, against Ashford, Marriott, Humphrey Rich, Mambo, Onyx, Daly, and Cabling Solutions (collectively "Defendants").

Gillespie originally brought this suit by filing a two-page complaint in Virginia state court against only Marriott International, Inc., Ashford, and Humphrey Rich (collectively "Original Defendants").  After the case was removed to federal court and transferred, this Court granted the Original Defendants' motions to dismiss.  The Court found the complaint failed to sufficiently allege a cause of action for negligent infliction of emotional distress ("NIED") or intentional infliction of emotional distress ("IIED"), but granted Gillespie leave to amend.  (Mem. Op. [Dkt. 26] at 8.)

Four days after dismissal, Gillespie filed a three-page Amended Complaint.  [Dkt. 28.]  Defendants again motioned to dismiss.  Although the Amended Complaint did little to clarify Gillespie's theory of relief, the Court found the Amended Complaint sufficiently alleged a claim of negligence.[1] (Am. Compl. Mem. Op. [Dkt. 40] at 11-12.)  Accordingly, the Court denied the motions to dismiss the negligence claims, but granted the motions to dismiss punitive damages.  (*Id.* at 13.)

As the case progressed toward trial, Gillespie learned of several additional potential defendants.  Thus, in September 2015, the Court granted her motion to file a Second Amended Complaint, which named the following new defendants: Daly, Mambo, Onyx, Marriott, and Cabling Solutions.  The addition of those new defendants, two of which are citizens of Virginia, caused Gillespie to argue in the present remand motion that this Court no longer has jurisdiction under 28 U.S.C. § 1332. Defendants Cabling Solutions and Ashford oppose remand. Additionally, Cabling Solutions motioned to dismiss or for a more definite statement.  As jurisdiction is required before

---

[1]     Gillespie disclaimed any attempt to raise an IIED or NIED claim at oral argument and in her brief in opposition to the motion to dismiss her Amended Complaint.  (Am. Compl. Mem. Op. at 5.)

proceeding to the merits, the Court will first address the motion to remand.

## II.  Analysis

A.        Motion to Remand

A state court case is removable under 28 U.S.C. § 1441(a) only when "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Because removal raises "significant federalism concerns," courts must construe removal jurisdiction strictly.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary."  *Id.*  The party seeking removal bears the burden of demonstrating jurisdiction.  *Id.*  The basis of removal in this case is the court's jurisdiction to hear cases between completely diverse parties in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

In addition to demonstrating original jurisdiction, a removing defendant must follow proper removal procedures.  *See* 28 U.S.C. § 1446 (listing procedure for removal of civil actions).  When a plaintiff believes removal was procedurally improper, she must motion to remand "within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  A motion for remand based on the court's lack of subject matter

jurisdiction, by contrast, may be raised at any time.  *See id.*
("If at any time before final judgment it appears that the
district court lacks subject matter jurisdiction, the case shall
be remanded.")

Gillespie seeks to remand based on the belief that the
forum-defendant rule was violated.  The forum-defendant rule
prohibits removal based solely on diversity jurisdiction when
"any of the parties in interest properly joined and served as
defendants is a citizen of the State in which such action is
brought."  28 U.S.C. § 1441(b)(2).  Gillespie argues that the
addition of two Virginia citizens in her Second Amended
complaint violates this rule.  The forum-defendant rule,
however, was not violated in this case and would not require
remand even if it were violated.  Therefore, the Court denies
Gillespie's motion to remand.

The forum-defendant rule does not prevent the joinder
of forum-state defendants *after* the case is removed.[2]  The plain
text of the forum-defendant rule defines when a case "may not be

---

[2]     This case does not implicate the practice of forum-
state defendants removing a case before being properly served.
A district court in this circuit recently thoroughly discussed
that issue and concluded that "in cases involving only resident
defendants, the forum-defendant rule bars resident defendants
from removing an action pursuant to diversity jurisdiction
before effectuation of service."  *Phillips Constr., LLC v.
Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 556 (S.D.W. Va.
2015).

*removed.*" *Id.* (emphasis added).  The rule does not discuss the addition of completely new defendants *after* removal.  *Carman v. Bayer Corp.*, No. 5:08cv148, 2009 WL 1649715, at *3 (N.D.W. Va. June 10, 2009) ("Removal jurisdiction is not disturbed if a forum defendant is joined and served after the action has been removed to federal court.").  When this case was removed, however, none of the named defendants was a citizen of Virginia.  Therefore, removal did not violate the forum-defendant rule.

Even if the post-removal addition of forum-state defendants did violate § 1441(b)(2), that violation would not affect this Court's subject matter jurisdiction.  At least ten courts of appeals have concluded that the forum-defendant rule is purely procedural.  *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) ("[T]he forum-defendant rule is not jurisdictional and may therefore be waived."); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *Young Kim v. Nat'l Certification Comm'n for Acupuncture & Oriental Med.*, 888 F. Supp. 2d 78, 82 (D.C. Cir. 2012); *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009); *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *Handelsman v. Bedford Village Assoc. Ltd P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d

1368, 1372 n.4 (11th Cir. 1998); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987). *But see Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (adhering to interpretation of forum-defendant rule as jurisdictional). Although the Fourth Circuit has not considered whether the forum-defendant rule is procedural or jurisdictional, "it appears that if faced with the issue . . . the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011). This conclusion is reasonable, because the Fourth Circuit has referred to the failure of all defendants to join in a removal petition to be "merely an error in the removal process," which does not affect the district court's subject matter jurisdiction. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

Although the Fourth Circuit has not opined on the issue, district courts within this circuit have concluded that "post-removal joinder of a forum defendant does not destroy subject matter jurisdiction as long as diversity continues to exist." *Ada Liss Group v. Sara Lee Branded Apparel*, No. 1:06cv610, 2007 WL 634083, at *4 (M.D.N.C. Feb. 26, 2007); *see also Carman*, 2009 WL 1649715, at *3 ("Removal jurisdiction is

not disturbed if a forum defendant is joined and served after the action has been removed to federal court."). Therefore, as long as jurisdiction was proper at removal and remains proper, there is no basis for remand.

Diversity jurisdiction was certainly proper at the time of removal. The amount in controversy in this case is $500,000, well above the $75,000 amount in controversy required. (Notice of Removal ¶ 15.) Additionally, complete diversity existed at the time of removal. Plaintiff was, and remains, an individual citizen of Pennsylvania. The Original Defendants at the time of removal were all corporations. Therefore, they are citizens of their states of incorporation and the states where they maintain their principal places of business. 28 U.S.C. § 1332(c). Defendant Marriott is a Maryland corporation with its principal place of business in Maryland. (Compl. ¶ 2.) Defendants Ashford Hospitality Prime and Ashford Gateway are Texas corporations with their principal places of business in Texas. (*Id.* ¶¶ 3-4.) Lastly, Defendant Humphrey Rich is a Maryland corporation with its principal place of business in Maryland. (*Id.* ¶ 5.) As no Original Defendant is a citizen of Plaintiff's domicile of Pennsylvania, complete diversity of citizenship existed at the time of removal.

The joinder of the new defendants in the Second Amended Complaint did not defeat complete diversity of citizenship.  Plaintiff's Second Amended Complaint added the following defendants: Marriott, a Delaware corporation with its principal place of business in Maryland (Sec. Am. Compl. ¶ 5); Daly, a Nebraska corporation with its principal place of business in Nebraska (*Id.* ¶ 6); Mambo, a Virginia corporation with its principal place of business in Virginia (*Id.* ¶ 7); Cabling Solutions, a Tennessee limited liability company with members residing in Tennessee (*See* Cabling Solutions Fin. Disclosure [Dkt. 103]); and Onyx, a Virginia limited liability company whose only known members reside in Virginia (*see* Onyx Articles of Inc. [Dkt. 106-4].)  The addition of these defendants did not affect complete diversity in this case because none of them is a citizen of Pennsylvania, and no party argues otherwise.  Therefore, diversity jurisdiction continues to exist, despite the post-removal joinder of two forum-state defendants.

Accordingly, the Court is "under a duty to exercise the jurisdiction conferred on it by Congress unless there is some other reason for the Court to abstain."  *Hatcher v. Lowe's Home Ctrs., Inc.*, 718 F. Supp. 2d 684, 689 (E.D. Va. 2010).  The parties have presented no argument for abstention in this

personal injury case and the Court is not aware of any.
Therefore, Gillespie's motion for remand is denied.

The Court turns now to Cabling Solutions' motion to
dismiss.

B.        Motion to Dismiss

A court reviewing a complaint on a Rule 12(b)(6)
motion must accept well-pleaded allegations as true, and must
construe all allegations in the light most favorable to the
plaintiff.  *See Randall v. United States*, 30 F.3d 518, 522 (4th
Cir. 1994).  However, the court need not accept as true legal
conclusions disguised as factual allegations.  *Ashcroft v.
Iqbal*, 556 U.S. 662, 679-81 (2009).  Therefore, a pleading that
offers only a "formulaic recitation of the elements of a cause
of action will not do."  *Id.* at 678; *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 557 (2007).  Nor will a complaint that tenders
mere "naked assertion[s]" devoid of "further factual
enhancement."  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Defendant Cabling Solutions raises two primary
arguments in support of its motion to dismiss.  First, Cabling
Solutions argues that Gillespie's allegations of injury are
insufficient to sustain a negligence claim.  Specifically,
Gillespie did not sufficiently plead a physical injury and her
emotional injuries are "special damages" that do not meet a

12

heightened pleading standard.   Second, Cabling Solutions argues
that the complaint primarily seeks compensation for Gillespie
observing the fixture falling and injuring her granddaughter.
Under Cabling Solutions' interpretation of *Hughes v. Moore*, 214
Va. 27 (1973), observing injuries to a third party cannot
support a claim for emotional damages in Virginia.   Thus,
Cabling Solutions asks the Court to dismiss the complaint to the
extent it seeks relief for emotional distress for having
witnessed injuries to Gillespie's granddaughter.

        These arguments cause the Court to once again clarify
the nature of Gillespie's theory of relief, an issue that
featured prominently in the Court's prior memorandum opinion.
(*See* Am. Compl. Mem. Op. at 4-5.)   On at least two occasions,
the Court has noted in written opinions that Gillespie's theory
of relief is unclear from the face of the complaint.   (*See* Mem.
Op. at 4 ("As an initial matter, the theory of relief is unclear
from the face of Plaintiff's Complaint."); Am. Compl. Mem. Op.
at 4 (stating that amended complaint "does little to resolve"
the lack of clarity).)   Despite the complaint's ambiguity, it is
now resolved that Gillespie has raised only a claim of
negligence.   In her brief in opposition to the motion to dismiss
the Amended Complaint and the Second Amended Complaint,
Gillespie stated that she "does not make a claim for negligent

13

or intentional infliction of emotional distress" and those
claims are "not at issue" in this case.  (Mem. in Opp'n [Dkt.
35] at 4.)  Gillespie confirmed this express waiver of any NIED
or IIED claim at oral argument on July 8, 2015, when she
disavowed any claim based on those theories of relief.  (*See* Am.
Compl. Mem. Op. at 5 (noting Gillespie's waiver at oral
argument).)  Accordingly, the Court's prior memorandum opinion
interpreted the Amended Complaint to raise only a negligence
claim.  (*See id.* at 5.)  The Second Amended Complaint continues
to sound only in negligence.  (*See* Sec. Am. Compl. ¶ 22 ("[A]s a
direct and proximate result of the negligence of the
defendants . . . .").)  The new complaint adds several
defendants and elaborates on each defendant's role in the Hotel
renovation project, but it does not change the theory of relief.
Thus, only a claim of negligence is before the court.

        With the theory of relief properly defined, the Court
turns to Defendant Cabling Solutions' argument that Gillespie
has not sufficiently alleged injury.  "Virginia law . . .
generally recognizes that a plaintiff cannot recover for
emotional injury resulting from the defendant's negligence
without proof of contemporaneous physical injury."  *Elrod v.
Busch Ent. Corp.*, 479 F. App'x 550, 551 (4th Cir. 2012); *Hughes
v. Moore*, 197 S.E.2d 214, 219 (Va. 1973) ("[W]here conduct is

merely negligent . . . and physical impact is lacking, there can be no recovery for emotional disturbance alone."). When the plaintiff does suffer a physical impact or injury, however, emotional injuries are recoverable as damages "when fairly inferred from injuries sustained." *Kondarurov v. Kerdasha*, 629 S.E.2d 181, 186 (Va. 2006). Furthermore, it has been the law in Virginia "for well over a century, that mental anguish may be inferred from bodily injury and that it is not necessary to prove it with specificity." *Id.*

Those general rules of negligence are distinct from the exceptional circumstances of *Hughes v. Moore*, 197 S.E.2d 214 (1973) and *Myseros v. Sissler*, 387 S.E.2d 463 (1990). Those cases discussed when a plaintiff may recover for "emotional disturbance And physical injury resulting therefrom . . . notwithstanding the lack of physical impact." *Hughes*, 197 S.E.2d at 219; *Myseros*, 387 S.E.2d at 464 (interpreting *Hughes*). Such a claim for emotional disturbance without physical impact may proceed only if the plaintiff "properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence." *Id.* Although courts sometimes characterize *Hughes* as an exception to the negligence damages requirements, it is best understood as stating the elements for

15

the independent tort of negligent infliction of emotional distress. *See Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 833 (Va. 2000) ("In *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973), we discussed the elements of a cause of action for negligent infliction of emotional distress."); *Carter v. Times-World Corp.*, No. 09-1823, 1998 WL 276456, at *3 (4th Cir. 1998) (citing *Hughes* for the proposition that a plaintiff must prove physical injury to "prevail on a claim of negligent infliction of emotional distress in Virginia"); *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 217 (E.D. Va. 2008).

As mentioned above, Gillespie's complaint need only satisfy the negligence pleading standard, not the heightened *Hughes* standard for an NIED claim.  The Court has already concluded that Gillespie alleges a physical impact sufficient to sustain her negligence claim.  In its prior memorandum opinion, the Court found that the Amended Complaint's allegations "are just barley sufficient to allege a factual basis for a physical injury." (Am. Compl. Mem. Op. at 11.)  In the Amended Complaint, Gillespie alleged she "was battered, struck and injured by blood, brain and other debris" caused by the falling light fixture.  (Am. Compl. ¶ 11.)  Furthermore, she alleges "suffer[ing] severe injury from the falling fixture incident, including physical, mental and emotional harm."  (*Id.* ¶ 12.)

Gillespie repeats the exact same allegations in her Second Amended Complaint.  (*See* Sec. Am. Comp. ¶¶ 11, 12.)  Thus, Gillespie again alleges being physically impacted and injured by debris and other projectiles caused by the falling light fixture.  The extent of the physical injuries she suffered remains to be determined.  The Court has already expressed "its doubts" about Gillespie's ability to ultimately prove her case on the merits.  But, as with the prior motion to dismiss, the Court must accept Gillespie's allegations as true and view them in the light most favorable to her.  *See Randall*, 30 F.3d at 522.  Accordingly, the Court again finds that Gillespie has sufficiently alleged a physical impact to support a claim for damages under a theory of negligence.

Because she sufficiently alleges a physical injury or impact, Gillespie need not plead emotional damages with specificity.  The Virginia Supreme Court has made clear that "mental anguish may be inferred from bodily injury and that it is not necessary to prove it with specificity." *Kondaurov*, 629 S.E.2d at 186.  Gillespie has alleged suffering "severe injury" including "emotional harm."  (Sec. Am. Compl. ¶ 22.)  Although this bare allegation would not satisfy the heightened IIED or NIED pleading standard, it is sufficient in this negligence case alleging physical impact.  *See Kondaurov*, 629 S.E.2d at 186

17

("[T]he plaintiff suffered physical injury, albeit remarkably slight under the circumstances, as a proximate result of the defendants' negligence.  Thus, mental anguish could be inferred by the jury and would constitute an element of damages.").

Cabling Solutions' second argument to the availability of emotional damages is that the bulk of Gillespie's emotional injuries likely arise from witnessing her granddaughter being hit by the falling fixture.  Cabling Solutions cites *Hughes* and a similar case of *Goff v. Jones*, 47 F. Supp. 2d 692 (E.D. Va. 1999), for the general proposition that a plaintiff may not "recover damages from physical injuries resulting from fright or shock caused by witnessing injury to another . . . or caused by seeing the resulting injury to a third person after it has been inflicted through defendant's negligence."  (Mem. in Supp. at 4 (citing *Hughes*, 197 S.E.2d at 220).)  Cabling Solutions interprets this language to mean the Court should dismiss any claim Gillespie has for emotional damages based on her granddaughter's injuries.

Cabling Solutions' arguments, however, are misdirected at a claim for negligent infliction of emotional distress that does not exist in this case.  Both *Hughes* and *Goff* involved claims of negligent infliction of emotional distress and did not involve allegations that the defendant's negligence caused a

18

physical impact to the plaintiff.  In *Hughes*, the plaintiff was standing in her living room when she saw, through a window, a car crash into her house's front porch.  197 S.E.2d at 215. There was no allegation of physical contact with the plaintiff. Similarly in *Goff*, the plaintiff arrived on the scene of a car accident that injured his wife and daughter.  47 F. Supp. 2d at 694.  But the plaintiff was not involved in, nor did he witness, the actual accident.  The *Hughes* statement regarding damages for observing injuries to others must be viewed in the context of the NIED claim alleged in that case.

It is a different question altogether whether a plaintiff's emotional damages from an accident that caused her physical injury may include the emotional distress of seeing another person simultaneously injured.  Cabling Solutions cites no cases demonstrating that such emotional damages are categorically precluded in negligence actions involving the contemporaneous physical injury of the plaintiff and another person.  The Court, however, notes that several other courts have considered this issue within motions in limine well after discovery.  *See Kristensen ex rel. Kristensen v. Spotnitz*, No. 3:09-cv-00084, 2011 WL 4566239, at *3-4 (W.D. Va. Sept. 30, 2011) (admitting evidence of others' contemporaneous injuries, but excluding some evidence of emotional distress as too far

removed from any alleged physical injury); *Umbel v. Crider*, No. CL 99-11618, 1999 WL 1114674, at *3 (Va. Cir. Ct. Oct. 22, 1999) (finding the extent of other passengers' injuries relevant to "determining the pain, suffering and mental anguish which this plaintiff suffered in this accident, an accident in which *this plaintiff* also suffered what are alleged to have been severe physical injuries"). Accordingly, the Court finds it more appropriate to address this question at a later proceeding, after discovery further illuminates the exact emotional damages Gillespie pursues in this case. Therefore, the Court will deny Cabling Solutions' motion to dismiss.

C.      Motion for More Definite Statement

        In the alternative, Defendant Cabling Solutions motions for a more definite statement regarding Gillespie's claims of physical and emotional damages. For the following reasons, the Court will deny that motion.

        Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statements are "not favored." *Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990). Rather, motions for more definite

statements are "designed to strike at unintelligibility rather than simple want of detail."  *Id.* (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

Cabling Solutions has not surpassed the difficult Rule 12(e) showing in this case.  Cabling Solution's arguments are more consistent with a request for more details than a claim that the complaint is unintelligible.  The Court has criticized the barely sufficient allegations in the Second Amended Complaint, but those allegations are not so vague as to prevent a response.  Indeed, Defendants Ashford, Humphrey Rich, and Daly have all individually filed answers to the Second Amended Complaint.  (*See* Ashford Answer [Dkt. 65]; Humphrey Answer [Dkt. 67]; Daly Answer [Dkt. 94].)  The brevity of the complaint's allegations does not prevent Cabling Solutions from similarly filing an answer.

In summary, this Court retains jurisdiction pursuant to 28 U.S.C. § 1332, despite the Second Amended Complaint's addition of two forum-state defendants.  Even with the new defendants, the parties in this suit remain completely diverse. Having found jurisdiction proper, the Court proceeded to the merits and found Gillespie sufficiently alleged a physical impact to sustain a claim for physical and emotional injuries, if properly proven.  Therefore, the Court will deny Cabling

21

Solutions' motion to dismiss.  Additionally, a more definite statement is not required to permit Defendant Cabling Solutions to respond to the Second Amended Complaint's allegations.

### IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion to remand and deny Defendant Cabling Solutions' motion to dismiss.

An appropriate order will follow.


_____/s/_____
                                James C. Cacheris
December 14, 2015               James C. Cacheris
Alexandria, Virginia       UNITED STATES DISTRICT COURT JUDGE